UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES DENT,

       Petitioner,                           CASE NO. 4:12-14356
                                                     HONORABLE GERSHWIN A. DRAIN

v.

DAVID BERGH,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [#2] AND DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Dent ("Petitioner"), was convicted in the Oakland Circuit Court of possession with intent to deliver between 50 and 450 grams of cocaine, possession of under 25 grams of heroine, felon in possession of a firearm, and commission of a felony with a firearm. The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may complete the exhaustion of two of three claims raised in his petition. For the reasons stated below, the Court denies Petitioner's motion to stay and dismisses his petition without prejudice and denies a certificate of appealability.

II.

Following Petitioner's conviction, he filed a claim of appeal in the Michigan Court of Appeals, raising the following claims: (1) the trial court erred in denying Petitioner's motion to suppress evidence; (2) the trial court failed to instruct the jury on the difference between factual and expert testimony; (3) there was insufficient evidence presented at trial to support the convictions;

and (4) the trial court erroneously scored the sentencing guidelines. The Court of Appeals affirmed in an unpublished opinion. *People v. Dent*, No. 290832, 2010 Mich. App. LEXIS 1725 (Mich. Ct. App. Sept. 21, 2010). Petitioner subsequently filed an application for leave to appeal, but it was denied in a standard order. *People v. Dent*, No. 141919, 2011 Mich. LEXIS 576 (Mich. Sup. Ct. April 6, 2011). For statute-of-limitations purposes, his conviction became final 90 days later, on July 6, 2011, when the time for filing a petition for writ of certiorari expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009).

On November 28, 2011, Petitioner returned to the trial court and filed a motion for relief from judgment. Petitioner alleges that the motion raised claims of ineffective assistance of counsel based on an allegation that his attorney operated under a conflict of interest. The trial court denied the motion on June 1, 2012. Petitioner filed a motion for reconsideration on June 18, 2012, and the trial court denied it on June 29, 2012. Petitioner's motion for stay alleges that he is in the process of preparing his application for leave to appeal at the present time.

Petitioner's present habeas application is dated September 26, 2012. The petition raises the following claims: (1) unconstitutional search and seizure; (2) denial of effective assistance of trial counsel due to conflict of interest; and (3) denial of effective assistance of appellate counsel.

III.

Petitioner's motion states that he wishes the Court to stay this action and hold it in abeyance while he completes the exhaustion of his unexhausted claims.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

4:12-cv-14356-GAD-RSW   Doc # 5   Filed 11/02/12   Pg 3 of 6   Pg ID 28

complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Generally, a federal district court should dismiss a "mixed petition," that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. Additionally, a federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause"

for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not demonstrated the need for a stay. He has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period did not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"). The Michigan Supreme Court denied leave to appeal on April 6, 2011, and his conviction became final 90 days later, on July 6, 2011. The limitations period began to run on the next day and continued running until Petitioner filed his motion for relief from judgment in the trial court on November 28, 2011. In Petitioner's case, the limitations period continues to be tolled so long as Petitioner follows through on his plans to appeal the denial of his motion for relief from judgment through the state appellate courts. See 28 U.S.C. § 2244(d)(2); *Corbin v. Straub*, 156 F. Supp. 2d 833, 836-37 (E.D. Mich. 2001) (statute of limitations tolls from time Petitioner files motion for relief from judgment until Michigan Supreme Court denies leave to appeal).

Petitioner has approximately seven months of the one-year limitations period remaining, thus he has sufficient time to fully exhaust his claims in the state courts and return to federal court should he wish to do so. Furthermore, while there is no evidence of intentional delay, Petitioner has not demonstrated "good cause" for failing to exhaust his additional claims in the state courts prior to seeking federal habeas relief. Petitioner's unexhausted claims concern matters of federal law which do not appear "plainly meritless." Given these circumstances, a stay is unwarranted and a non-

prejudicial dismissal of the petition is appropriate.

IV.

Accordingly, Petitioner's motion for stay [#2] is DENIED.

Additionally, because Petitioner has not fully exhausted his available state court remedies as to all of his claims, the court DISMISSES WITHOUT PREJUDICE, the petition for a writ of habeas corpus. Should petitioner wish to delete his unexhausted claims from his petition and proceed with only his exhausted claim, he may move to re-open this case within thirty days from the date of this order. The court makes no determination as to the merits of his claims.

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a habeas petition on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the court DENIES a certificate of appealability.

SO ORDERED.

Dated: November 2, 2012

/s/Gershwin A Drain
Honorable Gershwin A. Drain
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2012.

s/Tanya Bankston

TANYA BANKSTON

Case Manager